**BURDICK et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 57.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1941.

Townsend & Lewis, of New York City (Dallas S. Townsend, Joseph Wadsworth, and Ralph M. Jerskey, all of New York City, of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen. and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. for respondent.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioners are trustees under the will of Willard A. Lalor who died a resident of the District of Columbia October 9, 1934. The federal estate tax return was filed in the office of the Collector for the Second New York District and in it a deduction was taken under Sec. 303(a) (3) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 234, to the amount of $400,000 as a charitable bequest to the Lalor Foundation, Inc., which was concededly a corporation organized and operated for purposes which come within the statute. The Commissioner disallowed the deduction and the Board of Tax Appeals did likewise.

In the decedent's will, which was probated on March 20, 1935, there was a bequest of $100,000 to such educational institution as his sister Anna Lalor Burdick might select and another of $300,000 to such like institution as might be selected by his nephew, Charles Lalor Burdick. It was stated that he had discussed his wishes and expectations with them and that he intended to request each to make the selection "at this time" and in the event that such selections were made his executor was directed to pay the bequests to the educational institutions selected in the manner and upon the terms to be set forth in written instructions to be filed with the will. In the event that such instructions were filed with the will his nephew and sister, if they survived the testator, were given the power, to be exercised within one year after probate of the will, to change the educational institutions already selected, with or without a modification of the terms and conditions under which the bequests should be received and held. And the will also provided that:

"In the event no instructions in writing given by Anna Lalor Burdick and/or Charles Lalor Burdick shall have been so endorsed and filed with my Will and in the event my Executor hereinafter named shall not receive within one year after the date upon which my Will shall have been probated from either of them a notice in writing designating the educational institution or institutions to the Trustees of which my Executor shall make payment of the bequests herein made, I direct that the legacy in respect of which there shall have been such a failure of selection shall lapse and the amount thereof shall be added to and form a part of my residuary estate."

No designation of an educational institution or institutions was made before the testator died nor until October 14, 1935

when the Lalor Foundation. Inc., was named and thereafter the bequests were paid to it.

■ The statute under which the deduction was claimed is applicable to testamentary dispositions only. Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393. Its purpose is to encourage testators to make charitable gifts. Y. M. C. A. v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558. And the gifts so made are to be valued as of the date of death for the purpose of determining the amount of the deduction. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647. A condition precedent to the coming into effect of a right to deduct is that there shall be in substance an absolute testamentary gift to a corporation of the nature prescribed. When the bequest, though charitable, is at the time of death contingent and uncertain ever to take effect no deduction may be allowed. Knoernschild v. Commissioner, 7 Cir., 97 F.2d 213; Mississippi Valley Trust Co. v. Commissioner, 8 Cir., 72 F.2d 197. See, also Davison v. Commissioner, 2 Cir., 81 F.2d 16.

■ But there are varying degrees of uncertainty and if the gift is in terms effective as of the time the testator died and only an improbable diminution in funds available to pay it creates the contingency it is not too uncertain to be treated as absolute for purposes of deduction. Ithaca Trust Co. v. United States, supra. So, too, where the testamentary gift is absolute in terms in so far as the testator could make it, and uncertain only in the sense that the decedent's will in that respect is subject to limitations beyond his control, the deduction is allowable when it becomes certain that the bequest is valid. Humphrey v. Millard, 2 Cir., 79 F.2d 107; Dimock v. Corwin, 2 Cir., 99 F.2d 799; Commissioner v. First Nat. Bank, 5 Cir., 102 F.2d 129; T. R. 80; Art. 47. Par. 1.

■ At the date of his death, these bequests were in terms entirely dependent for their effectiveness upon a designation to be made by the testator's nephew and sister within one year after the probate of the will and which he recognized might not be so made when he expressly provided for the inclusion of the amount of each bequest in his residuary estate if no such designation was made. The situation comes within the second paragraph of T. R. 80; Art. 47 providing that if the gift

may be diverted in whole or in part by the exercise of a power by the legatee, devisee, donee or trustee to a use or purpose which would have made it not deductible had the testator so provided directly in his will the "deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power." This regulation has long been in effect and must be taken to have been approved by Congress since it has reenacted the deduction provisions of the statute without changing the effect of the regulation. Helvering v. Reynolds Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536. It stands as the law which controls the present situation. Here the testator made the effectiveness of the bequests wholly dependent upon action to be taken by two persons under a power they were free to exercise or not. There was nothing mandatory about it in the will and no one had the legal right to require them to make any designation at all. It was, therefore, impossible to determine whether the bequests would by the terms of his will become a part of his residuary estate. This made their character too uncertain to make them deductible within provisions of the above statute.

Affirmed.