**FIRST TRUST CO. OF ST. PAUL et al. v. REYNOLDS, Collector of Internal Revenue.**

No. 259.

District Court, D. Minnesota, Third Division.

Sept. 15, 1942.

Guy Chase and Kellogg, Morgan, Chase, Carter & Headley, all of St. Paul, Minn., for plaintiffs.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

BELL, District Judge.

This is an action for a refund of a portion of the taxes paid on the estate of the late Frank B. Kellogg. The decedent, hereinafter called the testator, bequeathed to the Protestant Episcopal Cathedral Foundation of the District of Columbia, a religious organization, the sum of $100,000 and to the University of Minnesota, an educational institution, the sum of $25,000 to be used in making loans to needy students. As to these bequests the will provided: " * * * the same shall be and are hereby made subject to the following stipulation and condition, namely: As the extent to which the estate of said Frank B. Kellogg may decrease in value or be disposed of by him in his lifetime cannot be anticipated, and he desires to make the most ample provisions for said Clara M. Kellogg during her lifetime, and reposes perfect confidence in her judgment and fairness in the premises, said Frank B. Kellogg hereby wills and directs that the gifts, bequests and devises in this paragraph provided, with said exceptions, shall, wholly or in part, and as to any one or more of them, become valid and effectual only in case and to the extent that, after the death of said Frank B. Kellogg and prior to the date set by the Probate Court for hearing on the final account and for distribution of the estate, said Clara M. Kellogg shall give her express consent in writing, duly acknowledged before an officer authorized to administer oaths, as to such gifts and bequests that shall become effective out of the estate of said Frank B. Kellogg, and in the absence of such express consent by said Clara M. Kellogg, the gifts, bequests and devises in this paragraph stated (except the trust in subdivision 'First' of this will and said residuary bequest and devise) shall be and are hereby revoked by said Frank B. Kellogg."

The testator died December 21, 1937, and his will was duly admitted to probate. Clara M. Kellogg, the widow, hereinafter called the devisee, on September 12, 1938, signed, acknowledged and filed in the Probate Court a written instrument giving her express consent to the payment of said bequests. The bequest to the University of Minnesota was paid October 3, 1938, and to the Protestant Episcopal Cathedral Foundation April 12, 1939.

The executors of the estate filed a federal estate tax return taking as deductions the bequests mentioned on the ground that they were to "charitable, religious and educational organizations." The Commissioner of Internal Revenue disallowed these deductions and in a letter to the taxpayer dated April 17, 1941, stated the reasons, as follows:

"Under these circumstances it is clear that no completed charitable gifts or bequests were made until the decedent's widow, subsequent to the date of decedent's death, exercised the rights conferred upon her by that portion of the will hereinabove set forth. The bequests were so wholly contingent and uncertain at the date of decedent's death that they do not fall within the deductions allowed by Section 303(a) (3) of the Revenue Act of 1926 as amended by the Revenue Acts of 1932 and 1934."

An additional estate tax was assessed in the sum of $32,000 which was paid under protest and a claim made for refund. The claim was rejected and this suit for recovery followed.

The plaintiffs contend that the bequests were to corporations which are organized and operated exclusively for charitable, religious and educational purposes and properly were deductible under the provisions of Section 303(a) (3) of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev. Code § 812(d), which provides that to ascertain the tax value of the net estate a deduction from the gross estate may be made, as follows:

"The amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, * * * or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the preven-

tion of cruelty to children or animals. * * * The amount of the deduction under this subsection for any transfer shall not exceed the value of the transferred property required to be included in the gross estate. 53 Stat. 123."

The defendant contends that the bequests were not deductible under this act because they (1) were not the act of the testator, (2) were not legally enforceable on the death of the testator, and (3) were not mandatory, absolute and unconditional but were uncertain and contingent.

The question presented is whether the bequests were so conditional, because of the provision in the will requiring the express consent in writing of the devisee, as to preclude deduction from the gross estate of the testator.

Article 47 of Regulation 80 of the Bureau of Internal Revenue, effective for the year 1937, provided:

"If the transfer is dependent upon the performance of some act or the happening of some event in order to become effective, it is necessary that the performance of the act or the occurrence of the event shall have taken place before the deduction can be allowed.

"If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power."

■ This regulation was approved in Burdick v. Commissioner, 2 Cir., 117 F.2d 972, 974, certiorari denied 314 U.S. 631, 62 S.Ct. 63, 86 L.Ed. ——, wherein the Court said:

"This regulation has long been in effect and must be taken to have been approved by Congress since it has reenacted the deduction provisions of the statute without changing the effect of the regulation. Helvering v. [R. J.] Reynolds [Tobacco] Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536. It stands as the law which controls the present situation."

The will here involved was made by Mr. and Mrs. Kellogg jointly on October 16, 1934. It provided that, in the event of the death of one before the other, certain bequests be paid, and that the survivor take the residue; also that all bequests be paid out of the estate of the second decedent if not paid out of the estate of the first. As a joint maker of the will, Mrs. Kellogg provided that if her death preceded that of her husband the bequest to the Protestant Episcopal Cathedral Foundation be paid out of her estate.

The tax return disclosed a gross estate of the testator valued at approximately $1,444,000. From the date of the execution of the will until the time of his death he had made gifts inter vivos of approximately $550,000 in addition to usual contributions to civic and charitable institutions. He directed the payment of $2,500 monthly from the time of his death until final settlement of his estate to the devisee. The residue of his estate after the payment of all bequests, taxes and other obligations, was approximately $620,000. The devisee's estate plus the monthly payments from the estate of the testator, insurance on his life of which she was beneficiary, and the residue of his estate devised to her, amounted approximately to $1,141,000. At the time of decedent's death the testatrix was 76 years of age and her expectancy of life was 5.88 years. Prior to the date for hearing on the final account and for distribution, December 12, 1938, all bequests had been paid.

■ The statute applicable here is clear. It provides that bequests to corporations organized and operated exclusively for charitable, religious or educational purposes may be deducted from the gross estate. The effective regulation is equally clear. It provides that if a devisee is empowered to divert the property to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so devised, deduction will be limited to that portion, if any, of the property which is exempt from an exercise of such power. The purpose of the law is to permit bequests to charity without the imposition, of an estate tax on such bequests. The purpose of the regulation is to prevent the deduction of bequests that are conditional or contingent and that ultimately may not be paid. The regulation, in its interpretation of the statutory enactment, is designed to prevent deductions being made on bequests that are conditional and contingent and may be defeated by some subsequent act or event. An objective of the

law and the regulations is to prevent the deduction of bequests that are subject to defeasance provisions.

■ Some well-recognized principles governing interpretation of the taxing statutes will be helpful: Charitable bequests are favorites of the law. Y. M. C. A. v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558; Edwards v. Slocum, 264 U.S. 61, 44 S. Ct. 293, 68 L.Ed. 564; St. Louis Union Trust Company v. Burnet, Commissioner, 8 Cir., 59 F.2d 922. The general rule requiring adherence to the letter of a statute applies with strictness to taxing acts. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156. In case of doubt, taxing statutes are construed in favor of the taxpayer. Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. Whether deductions shall be allowed depends on legislative grace; and only where there is a clear provision authorizing it, can any particular deduction be allowed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Empire Trust Company v. Commissioner, 4 Cir., 94 F.2d 307. There should be no deviation from the plain language of the statute to escape an undesirable result or a hard case. Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346; Crooks v. Harrelson, supra; St. Louis Union Trust Company v. Burnet, Commissioner, supra; Schoenheit v. Lucas, 4 Cir., 44 F.2d 476. To entitle an estate to a deduction for a bequest to charity, the testator, by the provisions of his will, must meet the requirements of the statute and the valid regulations or be deprived of tax immunity. Taft v. Commissioner, supra; Mississippi Valley Trust Company v. Commissioner, 8 Cir., 72 F.2d 197.

■ An estate tax is on the decedent's power of transmission made active by death. United States Trust Company, Executor, v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104; Helvering v. St. Louis Union Trust Company, 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239; Mississippi Valley Trust Company v. Commissioner, supra; Helvering v. Northwestern National Bank & Trust Company, 8 Cir., 89 F.2d 553; Robbins v. Commissioner, 1 Cir., 111 F.2d 828.

An estate tax is on the act of the testator and not on the property of his estate or the transfer to the beneficiary. Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; Y. M. C. A. v. Davis, supra; Edwards v. Slocum, supra; Ithaca Trust Company v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Mississippi Valley Trust Company v. Commissioner, supra.

In the Davis case [264 U.S. 47, 44 S.Ct. 292, 68 L.Ed. 558], the Court said: "Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him 'if you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give.'"

In commenting on this quotation from the Davis case the Court in the Mississippi Valley Trust Company case said [72 F.2d 199]: "The meaning of this language is that the testator and he alone must provide for the charitable bequest. It means that the provision by the testator must be one that is definite in ascertainment and that is legally enforceable; it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected."

■ Bequests to charity to be deductible must be reasonably certain at the time of the death of the testator. Davison v. Commissioner, 2 Cir., 81 F.2d 16; United States v. Fourth National Bank, 10 Cir., 83 F.2d 85, 107 A.L.R. 793; Knoernschild, et al. v. Commissioner, 7 Cir., 97 F.2d 213; Robbins v. Commissioner, supra; Burdick v. Commissioner, supra; Gammons v. Hassett, 1 Cir., 121 F.2d 229, certiorari denied 314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. ——.

Bequests were held to be conditional and uncertain, and consequently not deductible, in the following cases: In the Mississippi Valley Trust Company v. Commissioner, supra, where the testator expressed a desire that his two sons make gifts to charity in their discretion and in accordance with wishes he had expressed to them; in Farrington et al. v. Commissioner, 1 Cir., 30 F.2d 915, 67 A.L.R. 535, where the testator provided that if either of his two children died without issue the share of such child should be paid to a designated municipal corporation even though one was a daughter 52 years of age, had been married for nearly 30 years and was without issue; in

Knoernschild et al. v. Commissioner, supra, where the bequest was to a daughter, a nun, with remainder over to a religious institution but where the daughter was authorized, in her judgment, to provide for her mother, brothers and sisters from the fund in the event they needed financial assistance; in United States v. Fourth National Bank in Wichita, supra, where a bequest was made for a new church edifice on condition that the church organization contribute an equal amount; in Davison v. Commissioner, supra, where the testator left his residuary estate in trust, the income for the use of the wife during her life, the remainder to be distributed as she might direct and, in the event she failed to exercise the power of appointment, to three designated charities, even though the widow in less than a month after the death of the testator made a will expressly refusing to exercise the power of discretion so that the bequests of the testator might become certain and effective; in Robbins v. Commissioner, supra, where the testator left a residuary estate in trust, his daughter to receive the net income during her life and with power to bequeath by her last will a sum not to exceed $250,000 to a designated college and, in the event she failed to exercise the power, the trustee to pay said sum to the college; in Burdick v. Commissioner, supra, where the testator empowered a sister and a nephew each to select an educational institution as recipient of his bequests and where the selections were made subsequent to the death of the testator and the bequests were paid; in Gammons v. Hassett, supra, where the testator directed the payment of the income and as much of the principal as his wife might need or desire during her life with the remainder to certain charities, even though the estate was large and the widow was 93 years of age at the time of the death of the testator.

In the Burdick case the Court said: "At the date of his death, these bequests were in terms entirely dependent for their effectiveness upon a designation to be made by the testator's nephew and sister within one year after the probate of the will and which he recognized might not be so made when he expressly provided for the inclusion of the amount of each bequest in his residuary estate if no such designation was made. * * * Here the testator made the effectiveness of the bequests wholly dependent upon action to be taken by two persons under a power they were free to exercise or not. There was nothing mandatory about it in the will and no one had the legal right to require them to make any designation at all. It was, therefore, impossible to determine whether the bequests would by the terms of his will become a part of his residuary estate. This made their character too uncertain to make them deductible within provisions of the above statute."

In the Knoernschild case the Court said [97 F.2d 214]: "The language in the will under consideration expressly extends to the daughter Marie 'the privilege' * * * 'to direct the trustees to pay from the fund any part of the income or principal' as the daughter may 'in her judgment see fit, for the purpose of providing for her mother, or any of her brothers or sisters, in case they are in need of financial assistance.' There is no limitation upon the discretion thus granted to the daughter to divert the income, principal, or both, from charitable purposes to uses entirely private in character, except that the diversion must provide 'financial assistance.' The term is a broad one. * * * In other words, the right extended to her to divert any or all of the funds to the financial aid of a number of other persons is so wide and so broad as to make possible the entire destruction of the corpus of the estate passing to the Academy. The gift is conditional, revocable and not final and conclusive in its terms."

In the Davison case the Court said [81 F.2d 17]: "It is plain that, when Roswell Eldridge died, it could not be determined whether the charitable bequests would ultimately take effect or not, for the reason that the fund out of which they might be paid was subject to pass to others under the will of Mrs. Eldridge. In such circumstances, the gift to charities was essentially dependent upon the exercise of the power by Mrs. Eldridge, and it can make no difference whether the legacies in a technical sense were formally contingent or were vested subject to be divested. In either case the rights of the legatees to the charitable bequests were actually contingent and wholly uncertain."

Under the principles of the foregoing decisions, bequests, legacies and devises to charity may be deducted from the gross estate as provided by the statute when made by the testator or at his mandatory direction, when made absolute, certain and unconditional, when made definite of ascer-

tainment and when made legally enforceable on the death of the testator.

■ The provisions of the will here involved must be interpreted in the light of these principles. The testator designated that certain bequests, including the two involved, become "valid and effectual only in case and to the extent that * * * Clara M. Kellogg shall give her express consent in writing * * * and in the absence of such express consent by said Clara M. Kellogg, the gifts, bequests and devises * * * shall be and are hereby revoked by said Frank B. Kellogg." This plain language was preceded by a recital of the reasons why the testator required the express consent of the devisee; which were, that he could not anticipate the extent to which his estate might decrease in value or how much he might dispose of in his lifetime, that he desired to make the most ample provisions for his wife, and that he reposed perfect confidence in her judgment and fairness in the premises. The testator obviously desired to vest in his wife the authority to exercise her judgment and to determine whether or not there was ample provision for her during her lifetime, such determination to be made by her prior to the date set by the probate court for hearing on the final account and for distribution of the estate. The testator made the bequests on condition that the devisee give her consent, and he went a step further and revoked them in the absence of her consent. It would be difficult to find language that would more clearly and concisely make the bequests more dependent on the consent of the devisee. The absolute power was placed in her hands to defeat these bequests by inaction, whether it be from the exercise of her judgment to do so, or her death or her incapacity to act. She was empowered to divert the estate to any use other than the payment of the bequests. The power to consent was entirely discretionary with the devisee; there was no mandatory requirement that she do so. The exercise of it was neither legally enforceable nor legally preventable.

The plaintiffs herein contend that the bequests vested at the time of the death of the testator on the theory that when the devisee gave her consent her act related back to the time of the death of the testator and became effective as of that date. They rely on Humphrey v. Millard, 2 Cir., 79 F.2d 107; Mead v. Welch, 9 Cir., 95 F.2d 617; Smith v. Commissioner, 1 Cir.,

78 F.2d 897; Dimock v. Corwin, 2 Cir., 99 F.2d 799; Commissioner v. First National Bank of Atlanta, 5 Cir., 102 F.2d 129.

The facts in these cases are at great variance with those in the case at bar. The bequests in these cases were absolute and unconditional and were based on the mandatory provisions of the will in each instance. There was an element of uncertainty at the time of the death of the testator, as in the Humphrey and Mead cases, where there was a possibility of an invasion of the corpus of the estate to maintain the widow at an accustomed station in life, and as in the Smith, Dimock and First National Bank cases where the wills did not accord with the statutes of the respective states in which they were made. The Court, under the circumstances in these cases, held that payment of the bequests was sufficiently certain to permit a valuation of them as of the date of the death of the testator in each instance. The decisions in the Humphrey and Mead cases were based on Ithaca Trust Company v. United States, supra, where there was a possibility of an invasion of the corpus of the estate suitably to maintain the widow in as much comfort as she theretofore had enjoyed. In that case, however, the standard of living of the widow had been established and could be stated in definite terms of money. The extent of invasion was not left to the discretion of the widow. The Court held that payment of the bequests was certain. Ithaca Trust Company v. United States is at one extreme and Gammons v. Hassett is at the other. In the latter the Court said [121 F.2d 235]: "The Ithaca Trust case must be considered as going to the very verge of the law, and in the absence of further guidance from the Supreme Court we ought not to extend the doctrine of that case, however logical and appealing the extension might be under the particular facts." Further discussion of these cases is unnecessary, especially as they have been analyzed in Davison v. Commissioner, supra, Robbins v. Commissioner, supra, Burdick v. Commissioner, supra, and Gammons v. Hassett, Collector, supra.

If this case could be decided on the apparent wishes of both the testator and the devisee, a different conclusion would be permissible. Undoubtedly, both wanted the bequests paid. In the mind of the testator ample provision for his wife transcend-

ed all other considerations; but very likely he believed from the time he made his will until his death that the bequests would be paid. The devisee gave her consent in writing approximately nine months after the death of the testator and fifteen months prior to the expiration of the time limited by the proviso for giving such consent. A wish or a desire or a request, however appealing, often carries no legal significance. The will controls and the legal effect of it must be determined from the written instrument itself and not by evaluating the mental processes of the parties however generous and laudable they may have been. Deviation from the plain meaning of a will to escape an undesirable result cannot be justified. Under the provisions of the will and the decisions of the courts, the judgment must be for the defendant.

Findings of fact, conclusions of law and an order for judgment in accordance herewith will be entered.