Joseph E. **FEDOR**

v.

Arthur S. **FLEMMING**, Secretary of Health, Education & Welfare.

Civ. A. No. 27194.

United States District Court
E. D. Pennsylvania.

Feb. 16, 1960.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., by Mabel G. Turner, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This motion involves the construction of Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. 405(g). That Section reads as follows:

"The court *shall*, on motion of the Secretary, made before it files its answer, remand the case to the Secretary for further action by the Secretary, *and may*, at any time, *on good cause shown*, order additional evidence to be taken before the Secretary * * *" [Emphasis supplied.]

Pursuant to the statute the Secretary in the case at bar filed its motion to remand. The plaintiff opposes the remand on the equitable grounds that his case has been fully heard not only before the Referee but also before the Board on Appeal, and that now that his case is before the Court, the Secretary's demand for an arbitrary remand is unfair. Legally, the plaintiff's argument is that the statute quoted above permits the Court to remand a case to the Secretary only "on good cause shown." On the other hand, the defendant interprets the statute as mandatory, i. e., the Court *must* remand any case if the Secretary so moves before it files its answer. The defendant's interpretation of the statute is based on the fact that the word "shall" is used in the first phrase and the word "may" is used in the second phrase of the quoted language.

We are forced to agree with the defendant's position. The plain meaning of the words of Section 205(g) of the Social Security Act compels the Court to remand any case on motion of the Secretary made before it files its answer. The only time "good cause" need be shown is when the Court is requested to order additional evidence be taken before the Secretary. Although we would like to reach a different result, a deviation from the plain language of a statute in order to escape an undesirable result or to avoid a hard case is not permissible. First Trust Company of St. Paul v. Reynolds, D.C., 46 F.Supp. 497, affirmed 8 Cir., 137 F.2d 518.

Order

And now, to wit, this 16th day of February, 1960, it is hereby ordered that defendant's motion to remand this case to Arthur S. Flemming, Secretary of Health, Education and Welfare, United States of America, pursuant to the provisions of Section 205(g) of the Social Security Act, is hereby granted.