CITY NATIONAL BANK AND TRUST COMPANY OF COLUMBUS, Administrator w/w/a of the Estate of Bess M. Kelly, deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 14922.

United States Court of Appeals Sixth Circuit.

Jan. 23, 1963.

John D. Connor and Edmund D. Doyle, Columbus, Ohio, Connor, Connor & Bennett, Columbus, Ohio, Porter, Stanley, Treffinger & Platt, Columbus, Ohio, on brief, for appellant.

Edward L. Rogers, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Attorney, Department of Justice, Washington, D. C., Joseph P. Kinneary, U. S. Atty., Robert A. Bell, Asst. U. S. Atty., on brief, for appellee.

Before CECIL, Chief Judge, MILLER and SMITH,* Circuit Judges.

PER CURIAM.

The appellant, City National Bank and Trust Company of Columbus, Ohio, is the duly qualified and acting administrator w/w/a of the Estate of Bess M. Kelly, deceased. The Bank brought this action against the United States in the District Court for the Southern District of Ohio, Eastern Division, for the recovery of federal estate taxes in the approximate amount of $241,000 paid by the Bank for the estate of Bess M. Kelly.

The sole question presented is whether the administrator was entitled to deduct the amount of certain contingent bequests to charities from the value of the estate for the purpose of determining the net estate subject to federal estate tax. The determination of this question turns upon the interpretation of Section 812 (d) of the Internal Revenue Code of 1939.

The facts are fully stated in the Findings of Fact, Discussion and Conclusions of Law of the District Judge reported in City National Bank and Trust Company of Columbus, Administrator, etc. v. United States of America, D. C., 203 F.Supp. 398.

* United States Circuit Judge, Second Circuit, sitting by designation.

■ Briefly stated, the bequest to the residuary legatee of the decedent, Bess M. Kelly, failed because of his death before the bequest took effect as to him and within the time for filing the estate tax return. As a result of the legatee's death, the residuary estate passed to six named contingent beneficiaries, all of which were organized and operated exclusively for religious, charitable or educational purposes, within the meaning of Section 812(d) of the Internal Revenue Code of 1939.

The District Judge determined, and we think correctly, that under the facts of this case there was no transmission of property from the decedent to the named beneficiaries which qualified for the claimed deduction. The amount passing to the charities did not become certain until the date of the residuary legatee's death and they were not entitled to any specific and ascertainable amounts at the time of the death of the testatrix.

This question has been before the courts in varying ways on numerous occasions. The tenor of the opinions in these cases is that the estate tax is determined at the time of death and the charitable bequests must be definite in ascertainment and not subject to some contingency, the happening of which is uncertain. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Y. M. C. A. of Columbus, Ohio v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558; Cox v. Commissioner of Internal Revenue, 297 F.2d 36, C.A.2; Burdick et al. v. Commissioner of Internal Revenue, 117 F.2d 972, C.A.2, cert. denied, 314 U.S. 631, 62 S.Ct. 63, 86 L.Ed. 506; First Trust Co. of St. Paul State Bank v. Reynolds, 137 F.2d 518, C.A.8; Mississippi Valley Trust Co. v. Commissioner of Internal Revenue, 72 F.2d 197, C.A.8; Estate of Barry, v. Commissioner of Internal Revenue, 311 F.2d 681, C.A.9.

■ The contention of the appellant that the death of the residuary legatee constituted a disclaimer of the bequest to him in accordance with the pertinent section of the 1939 Revenue Code is without merit.

We conclude that the District Judge correctly interpreted Section 812(d) of the Code as applicable to the facts in this case and that the judgment of the District Court should be affirmed.