**Richard T. MORRISON**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

Civ. No. 21225.

United States District Court
D. Maryland.

Jan. 8, 1970.

Howard Shecter, Baltimore, Md., for plaintiff.

Stephen H. Sachs, U. S. Atty., Stephen D. Shawe and Francis S. Brocato, Asst. U. S. Attys., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

This is a case under 42 U.S.C. § 405 (g) to review a final decision of the Secretary disallowing plaintiff's claim for a period of disability and disability insurance benefits.

After obtaining an extension of time to answer, the Secretary has moved that the case be remanded to him, stating: "The purpose of this Motion is to allow the Secretary to obtain additional evidence, including, if necessary, additional medical examinations of plaintiff to obtain more complete evidence as to the severity of his alleged impairments".

Section 405(g) of Title 42 U.S.C. provides:

"* * * The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. * * *"

The plain meaning of the words of Section 405(g) of Title 42 U.S.C. compels the Court to remand any case on motion of the Secretary made before he files his answer. The only time good cause need be shown is when the Court is requested (a) by the Secretary after he has filed his answer, or (b) by the plaintiff at any time to order additional evidence to be taken before the Secretary. See Fedor v. Flemming, 180 F.Supp. 574 (E.D.Pa.1960).

In the instant case it appears that the controlling date is in 1963, and that plaintiff's efforts to secure additional examinations by the Social Security Administration in 1968 were denied. Under these circumstances the Court is of the opinion that the further medical examinations of the plaintiff sought by the Secretary should be held within two months and that the decision of the Secretary on remand should be made within five months and the record promptly forwarded to this Court. The order for remand is being entered on this condition, subject to extension of the times by this Court on good cause shown by the Secretary.