**KOEHLER et al. v. LEWELLYN.**

No. 3017.

District Court, W. D. Pennsylvania.

Oct. 10, 1930.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for plaintiffs.

Louis E. Graham, U. S. Atty., of Beaver, Pa., John A. McCann, Sp. Asst. U. S. Atty., of Pittsburgh, Pa., and R. P. Hertzog, Sp. Asst. U. S. Atty., of Washington, D. C., for defendant.

SCHOONMAKER, District Judge.

This is a suit to recover $127,518.77 collected by the defendant as collector of internal revenue from the plaintiffs as a federal estate tax. A jury trial was waived. From the pleadings and proofs we find the following facts pertinent to the issue involved:

The plaintiffs are executors of the last will and testament of Frank H. Buhl, deceased, late of Sharon, Pa., who died June 7, 1918. By his will duly probated by the register of wills of Mercer county, Pa., he bequeathed his residuary estate (after making certain specific bequests) to the trustees of the Buhl Club of Sharon, who were and are an unincorporated self-perpetuating association, composed of nine residents of the city of Sharon. The language of this bequest is as follows:

"Ninth. I direct that my executors shall transfer all the balance of my estate to the Trustees of the Buhl Club, for the purposes named as follows:

"A I direct the Trustees to keep aside the sum of one hundred thousand ($100,000.-00) dollars for the following uses and purposes. Said trustees are authorized to employ an agent, male or female, who shall seek out and investigate such persons in Sharon or vicinity, who, by reason of accidents, sickness, or other misfortune shall be in need of financial assistance and if, in the judgment of the majority of the trustees, any such persons so found are entitled to assistance- they are hereby authorized, from time to time, to loan or give the annual income from the above mentioned fund, or any part of the principal thereof, to such persons, in such amounts and upon such terms as they, in their judgment deem best. * * *

"B I direct the trustees shall hold the balance of my estate as an endowment fund, the income of which they may spend in any way they deem best, for the beneficial usage of the citizens of Sharon and vicinity, without regard of what may be deemed legal or

public charities within the contemplation of the laws of Pennsylvania."

The trustees of Buhl Club were created by deed of trust from the said Frank H. Buhl, dated July 26, 1903, and their activities under said trust have at all times been, and still are, wholly and exclusively charitable, literary, and educational.

Pursuant to the provisions of the Revenue Act of 1916 (39 Stat. 756), the Act of March 3, 1917 (39 Stat. 1000), and the Revenue Act of 1917 (40 Stat. 300), the plaintiffs filed an estate tax return showing a net taxable estate of $2,005,166.79, and paid the tax shown as due on said return, to wit, $202,709.35. In this return the plaintiffs deducted as exempt from tax the amount of the residuary bequest above mentioned. This deduction was disallowed by the Commissioner of Internal Revenue, who assessed an additional tax which was paid by the plaintiffs to the defendant under protest on June 13, 1921. A claim for refundment was duly filed by the plaintiff which was disallowed by the commissioner to the extent of $127,518.77, being the tax attributable to the amount of the residuary estate bequeathed to the trustees of Buhl Club.

### Conclusions of Law.

From these facts, we conclude as a matter of law that the bequest to the trustees of the Buhl Club was exempt from estate tax and that the plaintiffs are entitled to recover from the defendant the sum of $127,518.77, with interest from June 13, 1921.

### Discussion.

The sole issue in this case is whether or not the amount of the residuary bequest to the trustee of the Buhl Club is deductible from the value of the gross estate of decedent in the determination of the net estate subject to tax.

This deduction is claimed by the plaintiffs under the provisions of section 403(a)(3) of the Revenue Act of 1918 (40 Stat. 1057). This section, so far as material to the issue, reads as follows:

"That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—
* * *

"(3) The amount of all bequests, legacies, devises, or gifts, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917."

As we construe this statute, the bequest to the trustees of the Buhl Club was one made exclusively for charitable purposes. True, the testator directed its expenditure "in any way they may deem best for the beneficial usage of the citizens of Sharon and vicinity without regard to what may be deemed legal or public charities within the contemplation of the laws of Pennsylvania," but the act of Congress did not attempt to limit the charitable purposes of the trust to such as were legal under the laws of any particular state. The act used the word "charitable" without any limitation whatsoever. There is no statutory definition of the word. We must therefore look to the rules of common law to furnish the true guide. Rice v. Minnesota & Northwestern Railroad Company. 1 Black, 358, 17 L. Ed. 147.

The Supreme Court of the United States, in Ould v. Washington Hospital, 95 U. S. 303, 311, 24 L. Ed. 450, defines a "charitable use" as follows:

"A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-doing and well being of social men."

A further definition is found in Perin v. Carey, 24 How. 506, 16 L. Ed. 701, where a "charitable trust" is defined as "a gift to a general public use, which extends to the rich, as well as to the poor."

Circuit Judge Buffington, in Bok v. McCaughn, 42 F.(2d) 616, 619. (Opinion filed July 21, 1930), declares that "charity means such unselfish things as are wont to be done by those who are animated by the virtue of love."

In New Castle Common v. Megginson, 1 Boyce (Del.) 361, 77 A. 565, Ann. Cas. 1914A, 1207, where the question at issue was whether a donation of land to trustees for the use and benefit of the inhabitants of a certain town was a charitable use and therefore exempt from tax, the Supreme Court of Delaware held that gift to be a charitable one,

and the word "charity" to have a meaning broad enough to include every gift for a general public use.

The gift here meets all these definitions. It is for a general public use beneficial to the citizens of Sharon and vicinity. It extends to the poor as well as to the rich. It was an unselfish act of one animated by love for the citizens of the community in which he lived. It was to trustees of an association whose activities were exclusively charitable, literary, and educational.

In Bok v. McCaughn, supra, the Circuit Court of Appeals of the Third Circuit held that a fund created by Bok for the payment of $10,000 annually to a resident of Philadelphia or its suburbs or vicinity who has "done an act or rendered a service of such advantage to the City or its inhabitants as to be eminently worthy of public recognition of reward" was a gift for charitable purposes exempt from tax under the Revenue laws of the United States.

The instant case is a much stronger example of a charitable purpose, for the Philadelphia award results in financial advantage to a single individual each year; and the Buhl award is to be expended directly to the usage of the citizens of Sharon and vicinity by trustees whose activities under the deed of trust of their creation are wholly charitable, literary, and educational. What plainer example of a public charity could there be? We do not believe that we have power to read into the act of Congress the restriction which the defendant asks us to. If Congress had intended to restrict the exemption merely to bequests of funds for the relief of the poor or needy, it would certainly have used apt words to that end.

We therefore hold that this bequest is deductible from the gross estate of Buhl in determining the net estate subject to tax.

An order for judgment for the plaintiff in accordance herewith may be submitted.