### FIRST TRUST CO. OF ST. PAUL STATE BANK v. REYNOLDS, Collector of Internal Revenue.

#### No. 12514.

Circuit Court of Appeals, Eighth Circuit.

Aug. 13, 1943.

Guy Chase, of St. Paul, Minn. (Kellogg, Morgan, Chase, Carter & Headley, of St. Paul, Minn., on the brief), for appellant.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Helen R. Carloss, and William A. Clineburg, Sp. Assts. to Atty. Gen., and Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

JOHNSEN, Circuit Judge.

The question here is whether a bequest to charity, in order to be deductible for estate tax purposes under section 303(a) (3) of the Revenue Act of 1926, as amended,[1] and in force in 1937, must have a legal reality in the will, or whether it is sufficient if it be possessed of a practical probability under the conditions of the will and is in fact effectuated by subsequent events outside the legal reach or mandate of the will.

The question arises in connection with the will and estate of the late Frank B. Kellogg, who was at one time Secretary of State in the Cabinet of President Coolidge, and who died in 1937. Mr. Kellogg's will contained a number of specific bequests and made his wife, Clara M. Kel-

[1] 26 U.S.C.A. Internal Revenue Acts, pages 234–236, 26 U.S.C.A. Internal Revenue Code, § 812(d), 53 Stat. 124.

logg, the unconditional beneficiary of his residuary estate. Among the specific bequests was one of $100,000 to the Protestant Episcopal Cathedral Foundation of the District of Columbia and one of $25,000 to the University of Minnesota, but it was provided that these charitable bequests should, "wholly or in part, and as to any one * * * of them, become valid and effectual only in case and to the extent that, after the death of said Frank B. Kellogg and prior to the date set by the Probate Court for hearing on the final account and for distribution of the estate, said Clara M. Kellogg shall give her express consent in writing, duly acknowledged before an officer authorized to administer oaths, as to such gifts and bequests that shall become effective out of the estate of said Frank B. Kellogg, and in the absence of such express consent by said Clara M. Kellogg, the * * * bequests * * * shall be and are hereby revoked by said Frank B. Kellogg."

The reason stated in the will for the condition imposed on the bequests was that "the extent to which the estate of said Frank B. Kellogg may decrease in value or be disposed of by him in his lifetime cannot be anticipated, and he desires to make the most ample provisions for said Clara M. Kellogg during her lifetime, and reposes perfect confidence in her judgment and fairness in the premises."

Within nine months after Mr. Kellogg's death, and six months prior to the filing of the required estate tax return, and fifteen months before the date set for hearing on final account in the probate court, Mrs. Kellogg filed her express consent, in the manner and form provided by the will, to the payment in full of both of the bequests here involved, and the executors shortly thereafter made payment of the amounts of the bequests to the two legatees. In the estate tax return which later was filed, the amounts of the bequests were deducted from the value of the gross estate for tax purposes. The Commissioner of Internal Revenue refused to allow the deductions, on the ground that the bequests were not completed charitable gifts under the will and did not have a legal reality in the instrument, since they were not to become effective except upon Mrs. Kellogg's wholly discretionary consent to their payment, which consent was outside the legal reach or mandate of the will.

The executors paid the deficiency assessment made by the Commissioner, in the amount of $32,000 and interest, and filed claim for refund. Upon rejection of the claim, they instituted suit in the district court to recover back the payment. The district court, on a trial without a jury, denied the recovery,[2] and this appeal was taken.[3]

Appellant argues that the amount of Mr. Kellogg's residuary estate and Mrs. Kellogg's own financial situation, as well as the close relationship which always had existed between Mr. and Mrs. Kellogg, made it practically certain that she would give her consent to the payment of the charitable bequests, and that the bequests therefore ought, in effect, to be treated as having had a legal reality in the will, and her subsequent consent should legally be related back to the time of Mr. Kellogg's death.

The record shows that Mr. Kellogg left a residuary estate of more than $620,000, after payment of all the bequests in the will (including the two charitable bequests here involved), taxes and expenses of administration. It indicates also that at the time of her husband's death Mrs. Kellogg was possessed of property in her own right exceeding $450,000 in value. It appears further that, on the basis of recognized mortality tables, Mrs. Kellogg had a life expectancy of only 5.88 years after Mr. Kellogg's death.

These circumstances and the close relationship between Mr. and Mrs. Kellogg may, as a practical matter, have created a strong likelihood or probability that Mrs. Kellogg would give her consent to the payment of the two charitable bequests, but they do not in law constitute data of such certain application and known operation[4] as to give the bequests a legal reality in the will itself.

The deductibility of a charitable bequest for estate tax purposes depends upon the legal completeness or legal certainty of what the testator has himself

---

[2] The opinion of the district judge appears in 46 F.Supp. 497.

[3] Mrs. Kellogg, who was one of the executors, died after the determination in the district court, and the appeal is accordingly prosecuted by the surviving executor.

[4] Compare Humes v. United States, 276 U.S. 487, 493, 494, 48 S.Ct. 347, 72 L.Ed. 667.

done or mandated in the will. "The tax is on the act of the testator", and the legal situation for tax purposes must be ad-measured as it "stood on the day when the testator died." [5] In order to entitle a charitable bequest to tax deductibility, "the testator and he alone must provide for the charitable bequest"; "it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected"; and, where "there is no mandatory requirement that anything shall pass from the estate to any charitable institution", the bequest lacks the legal certainty or reality neces-sary to entitle it to tax deductibility.[6] This is the settled general rule.[7]

A bequest to charity, therefore, which, as in the situation here, is condi-tioned upon the wholly discretionary con-sent thereto of a third person after the tes-tator's death, lacks the legal certainty or reality necessary to entitle it to tax de-ductibility. Since the consent is outside the legal reach or mandate of the will, the tax situation cannot be affected by the fortuitous circumstance that such third person is likely in fact to give his consent to the bequest, or that he subsequently actually does so. The likelihood of any wholly discretionary consent being given is in law a mere speculation. The for-tuitous circumstances in the particular situation or relationship which may in-fluence the giving of such a wholly dis-cretionary consent in an individual case are not, as we have pointed out above, data of such certain application and known operation as to afford the basis for a recog-nized legal result. And since the situation is to be tested by the testator's acts and mandate, and by the legal certainties or realities existing on the date of his death, the fact that a wholly discretionary con-sent to a charitable bequest is subsequent-ly given cannot create a tax deductibility by relation back.

Appellant argues that Article 47 of Regulations 80[8] expressly recognizes the right of a conditional bequest to tax deductibility by relation back. The first paragraph of that regulation provides: "If the transfer is dependent upon the per-formance of some act or the happening of some event in order to become effective, it is necessary that the performance of the act or the occurrence of the event shall have taken place before the deduction can be allowed." But we do not believe that this regulation was intended to allow charitable bequests which do not have a le-gal reality in the will to acquire legal cer-tainty for tax purposes from outside sub-sequent events.[9] It appears to have refer-ence only to the operativeness of bequests which themselves have a legal reality or certainty in the will. It simply fixes the time when the deduction will be allowed as to charitable bequests which have a legal certainty, reality or completeness in the will, but as to which some action or event, which itself has legal certainty, is neces-

---

[5] Ithaca Trust Co. v. United States, 279 U.S. 151, 155, 49 S.Ct. 291, 73 L. Ed. 647.

[6] Mississippi Valley Trust Co. v. Com-missioner, 8 Cir., 72 F.2d 197, 199, cer-tiorari denied 293 U.S. 604, 55 S.Ct. 119, 79 L.Ed. 695.

[7] Compare Helvering v. Union Trust Co., 4 Cir., 125 F.2d 401, certiorari de-nied 316 U.S. 696, 62 S.Ct. 1292, 86 L. Ed. 1766; Burdick v. Commissioner, 2 Cir., 117 F.2d 972, certiorari denied 314 U.S. 631, 62 S.Ct. 63, 86 L.Ed. 506; Levey v. Smith, 7 Cir., 103 F.2d 643, certiorari denied 308 U.S. 578, 60 S.Ct. 94, 84 L.Ed. 484; Knoernschild v. Com-missioner, 7 Cir., 97 F.2d 213; United States v. Fourth National Bank in Wichita, Kansas, 10 Cir., 83 F.2d 85, 107 A.L.R. 793, certiorari denied 299 U. S. 575, 57 S.Ct. 38, 81 L.Ed. 423. See also St. Louis Union Trust Co. v. Bur-net, 8 Cir., 59 F.2d 922.

[8] 26 Code of Fed.Reg. § 80.47.

[9] The Act of October 21, 1942, § 408

(a), amended 53 Stat. 124, 26 U.S.C.A. Internal Revenue Code, § 812(d), gov-erning the deductibility of charitable be-quests, legacies, devises, or transfers, by adding the clause "(including the in-terest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made prior to the date prescribed for the filing of the estate tax return)". See 56 Stat. 949, § 408 (a), 26 U.S.C.A. Internal Revenue Code, § 812(d). Whether the consent of the residuary legatee here to the payment of the charitable bequests would be equivalent to a disclaimer under this provision, or whether this amendment has application only to the possible aug-mentation of a bequest which otherwise has a legal reality in the will, we need not consider, since the amendment is in any event only applicable "to estates of decedents dying after the date of the en-actment of this Act [October 21, 1942]."

sary to give the bequest operative effectiveness. There is a sound distinction between a bequest, which has legal reality in the will, being made operatively effective by acts or events, which themselves have legal certainty under the will, and a bequest, which lacks legal reality in the will, being subsequently rendered legally certain by acts or events outside the legal reach or mandate of the will. Existing legal status is not to be confused with mere subsequent factual operation.

The judgment of the district court is affirmed.