## DELBRIDGE v. UNITED STATES.
### Civ. No. 7080.

United States District Court
E. D. Michigan, S. D.
March 23, 1950.

Charles F. Delbridge, Jr., Detroit, Mich., attorney for plaintiff.

Theron Lamar Caudle, Assistant Attorney General, Andrew D. Sharpe, James P. Garland, Special Assistants to the Attorney General, Edward T. Kane, United States Attorney, Roger P. O'Connor, Assistant United States Attorney, Detroit, Mich., attorneys for defendant.

LEVIN, District Judge.

The problem is whether certain dispositions provided for in the will of plaintiff's decedent are deductible from the value of the gross estate under Section 812(d) of the Internal Revenue Code, 26 U.S.C.A. § 812(d), as " * * * bequests, legacies * * * for exclusively public purposes, or to or for the use of any corporation or-

ganized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *."

There is no dispute as to the facts. The Commissioner disallowed a deduction from the gross estate for charitable bequests of the alleged value of Twenty-Two Thousand Nine Hundred Sixty-Nine and 43/100 ($22,-969.43). A deficiency in Federal estate taxes of Five Thousand Fifty-One and 02/100 ($5,051.02) plus interest was assessed and paid by the plaintiff. A claim for refund for the deficiency and interest was duly filed but rejected by the Commissioner on the ground that the plaintiff failed to establish that the deductions claimed came within the provisions of Section 812 (d).

The decedent's will directed the Trustee to make annual distributions or payments:

"VII 3(1) To such charities, civic enterprises, educational and religious enterprises as my said Trustee shall designate and appoint, to each such sums as my said Trustee shall approve, the aggregate amount of which sums during any one year shall not exceed One Thousand Dollars ($1,000.-00).

"VII 7 My said Trustee is authorized, out of the first One Thousand Dollars ($1,000.00) to be paid for such charities, as he sees fit, to include among such beneficiaries in connection with the first annual payment of said sum, payments to such of my household employees, chauffeurs, or other personal employees or persons whom, from my Trustee's intimate connection with my affairs, he believes I would be interested in remembering.

"VII 8 This trust shall terminate upon the death of my said Trustee and if the entire trust fund shall not at that time have been distributed and paid out, as herein provided, the undistributed and unpaid out funds remaining in said Trust shall be distributed and paid out as a final payment in the same proportion and to the same persons as shall have received or should have received the last preceding payment or distribution."

■ The payments by the Trustee under these provisions in any one year may be One Cent to One Thousand Dollars, the maximum being the only restriction on the amount which may be paid. The bequest was definite, "but for no more, than one cent." Norris et al. v. Commissioner of Internal Revenue, 7 Cir., 134 F.2d 796, 803, 149 A.L.R. 1324, certiorari denied 320 U.S. 756, 64 S.Ct. 63, 88 L.Ed. 450. See also Robbins v. Commissioner of Internal Revenue, 1 Cir., 111 F.2d 828.

The Trustee was further authorized to pay any or all of the first One Thousand Dollars ($1,000) so distributed "to such of my household employees * * * or persons whom * * * he believes I would be interested in remembering." Under the will, therefore, the Trustee could have paid the first One Thousand Dollars ($1,000), that is, the payment for the first year after decedent's death, not to qualified charities but to individuals and had the Trustee died before the next distribution, under the terms of Paragraph VII (8) of the will, such individuals and not charities would have had the right to proportionate distributions of the trust corpus. Such bequests do not meet the test of definitely ascertainable value at the testator's death. Commissioner of Internal Revenue v. Upjohn's Estate, 6 Cir., 124 F.2d 73.

■ Plaintiff's decedent died on November 30, 1940. The Trustee's report shows that during the calendar years 1940 through 1947, he disbursed various sums of money to charities and certain individuals under the terms of the will, which sums aggregated less than One Thousand Dollars ($1,000) each year. But the distributions made are quite immaterial in the determination of the value of the deductions. The value of the bequest must be estimated as of the time of the testator's death. "The tax is on the act of the testator not on the receipt of property by the legatees." Ithaca Trust Co. v. United States, 279 U.S. 151, 155, 49 S.Ct. 291, 73 L.Ed. 647.

■ The court is not unmindful of the statement in the will which expresses the greatest confidence in the plaintiff and suggests that as he is familiar with the intention of the testator, her charitable interests would not be neglected if left in

his trust, nor is the court unaware of the plain intent of Congress to encourage charitable contributions by excluding them from consideration of the taxable estate. Here, however, no charity or civic or educational enterprise is in a position to demand or require any payment whatever from the decedent's estate. The bequest did not "define the legal rights of all parties to the property intended to be affected." First Trust Co. of St. Paul State Bank v. Reynolds, 8 Cir., 137 F.2d 518, 521, citing from Mississippi Valley Trust Co. v. Commissioner, 8 Cir., 72 F.2d 197, 199. There can be no conditions or strings attached which might defeat the right of a qualified beneficiary to demand or receive the bequest. Where the amount of the charitable bequest is uncertain or conjectural, or where discretion granted by the testator to the Trustee is not limited by a fixed standard, but is so uncertain that it cannot be stated in definite terms of money, no deduction may be allowed. Compare Merhants National Bank of Boston, Executor v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35.

A judgment for the defendant may be entered.