David H. UTLEY, Executor of the Estate of Isabelle A. Utley, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 759/59.

United States District Court
S. D. California,
Central Division.

May 6, 1960.

Hill, Farrer & Burrill, Carl A. Stutsman, Jr., Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Lillian W. Stanley, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

M. Belle Rice of Salt Lake City, Utah, executed a Will dated April 4, 1916, under the terms of which the residue of her estate was devised and bequeathed in trust. One purpose of the trust was the erection of "a suitable and appropriate memorial, arch or entrance way" at the North or main entrance of Liberty Park in Salt Lake, Utah. With reference to the memorial the Will provided:

"The cost thereof, including plans therefor and supervision in the erection thereof, shall not exceed Fifty Thousand Dollars ($50,000)."

A further purpose of the trust under the terms of the Will was the erection on

the campus or grounds of the University of Utah, in Salt Lake County, Utah, a building to be known as a Women's Dormitory. The Will provided with reference to the dormitory that the cost thereof was

"not to exceed Two Hundred Thousand Dollars ($200,000)."

M. Belle Rice died on March 24, 1924. The testamentary trust came into existence and has been administered through the years. Construction of the terms of the testamentary trust was obtained in the Utah State Court, and the two charitable purpose items above mentioned remained, the decree of the court reciting the bequests in the same language employed in the Will. It is with these two items that the instant action is concerned.

Isabelle R. Utley, daughter of decedent and one of the heirs named in the Will of M. Belle Rice, died on July 14, 1955. At the time of the death of Isabelle R. Utley the provisions in the Will of M. Belle Rice for the charitable beneficiaries had not matured.

David H. Utley was appointed Executor of the Estate of Isabelle R. Utley, deceased, by the Superior Court of the State of California, in and for the County of Los Angeles, No. SMP-7624. On or about October 10, 1956, the Executor, David H. Utley, caused to be filed in the Estate of Isabelle R. Utley a Federal Estate Tax return. In computing the estate tax to be paid the Executor deducted the discounted value of the two charitable bequests mentioned in the Will of M. Belle Rice. The discounted value was subsequently disallowed by the Internal Revenue Agent on audit of the Estate Tax return, and a deficiency tax was assessed and paid by the Executor.

A claim for refund was duly filed with the District Director of Internal Revenue at Los Angeles, California. More than six months elapsed without action by the District Director on the claim, and subsequent to the expiration of the six-months' period the complaint herein was filed to recover the alleged over-payment of tax.

That portion of the Federal Estate Tax deficiency attributable to the disallowance of the value of the charitable bequests described above is the subject of the action at bar and, particularly, whether the language "shall not exceed Fifty Thousand Dollars" and "not to exceed Two Hundred Thousand Dollars" renders capable of computation the charitable bequests contained in the Will of M. Belle Rice for deduction for Federal Estate Tax purposes in the Estate of Isabelle R. Utley.

Evidence adduced at the trial indicated the Trustee would erect or cause to be erected the memorial arch in Salt Lake, Utah, and the women's dormitory at University of Utah when the terms of the trust matured, and that the City of Salt Lake would accept the memorial arch and the University of Utah would accept the women's dormitory.

Plaintiff contends the tax now under consideration must be fixed and determined as of the date of death of Isabelle R. Utley in 1955 and not as of the date of death of M. Belle Rice in 1924. On the other hand, defendant submits that the tax in question must be determined from the data available at the death of Mrs. Rice and that any evidence of events occurring after her death is immaterial and inadmissible.

The right to take a deduction for Federal Estate Tax purposes is determined as of the date of death, and the fact that the personal representative of the decedent (in this case the Trustee) would comply with the terms of the trust provided in the Will and spend the maximum amount indicated is immaterial. U. S. Treasury Regulation § 20.2055–2. Wells Fargo Bank & Union Trust Co. v. Commissioner of Int. Rev., 9 Cir., 145 F.2d 132; First Trust Co. of St. Paul State Bank v. Reynolds, 8 Cir., 137 F.2d 518.

In the case of First Trust Co. v. Reynolds, supra, one Frank B. Kellogg left a Will, and among the specific bequests was one of $100,000 to the Protestant Episcopal Cathedral Foundation and one to the University of Minnesota. The Will provided that these bequests would become

valid only if the wife of Frank B. Kellogg gave her express consent in writing, duly acknowledged before an officer authorized to administer oaths. In the absence of such an express consent by the wife the bequests were revoked by the Testator.

After Mr. Kellogg's death, and six months prior to the filing of the required Federal Estate Tax return, Mrs. Kellogg filed her express consent, and the executors made payment of the amounts of the bequests to the two legatees. The amounts of the bequests were taken as a deduction in the Federal Estate Tax return filed later.

The Commissioner of Internal Revenue refused to allow the deductions on the ground the bequests were not completed, charitable gifts under the Will and did not have a legal reality in the instrument. The deficiency assessment was paid by the executors and action filed to recover the alleged overpayment of tax. The trial court sustained the Commissioner's position. Upon appeal it was argued by appellants that as it was practically certain Mrs. Kellogg would give her consent to the payment a claim for the deduction should be allowed, especially since she did in fact file the requisite consent, and the executors did pay over the charitable bequests.

The Eighth Circuit Court of Appeals said, at page 520:

"These circumstances * * * may, as a practical matter, have created a strong likelihood or probability that Mrs. Kellogg would give her consent to the payment of the two charitable bequests, but they do not in law constitute data of such certain application and known operation as to give the bequests a legal reality in the will itself.

"The deductibility of a charitable bequest for estate tax purposes depends upon the legal completeness or legal certainty of what the testator has himself done or mandated in the will. 'The tax is on the act of the testator', and the legal situation for tax purposes must be admeasured as it 'stood on the day when the testator died.' In order to entitle a charitable bequest to tax deductibility, 'the testator and he alone must provide for the charitable bequest'; 'it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected'; and, where 'there is no mandatory requirement that anything shall pass from the estate to any charitable institution', the bequest lacks the legal certainty or reality necessary to entitle it to tax deductibility. This is the settled general rule.

"A bequest to charity, therefore, which, as in the situation here, is conditioned upon the wholly discretionary consent thereto of a third person after the testator's death, lacks the legal certainty or reality necessary to entitle it to tax deductibility * * * And since the situation is to be tested by the testator's acts and mandate, and by the legal certainties or realities existing on the date of his death, the fact that a wholly discretionary consent to a charitable bequest is subsequently given cannot create a tax deductibility by relation back."

In the case at bar the words used "not to exceed" and "shall not exceed" are so uncertain that they will not bring the bequests within the area of exemption.

The Seventh Circuit has been specific in holding there must be an absolute certainty as to definite requirements of a bequest. In Norris v. Commissioner, 134 F.2d 796, 149 A.L.R. 1324, the will involved provided that when the trustees were satisfied they had sufficient property in their possession they were to pay out of the corpus of the trust to Columbia Hospital in Milwaukee a sum not exceeding $5,000. The Seventh Circuit saw no reason for an extended argument that the words "not exceeding" were so indefinite that the bequest could not qualify as a charitable deduction.

At page 803 of 134 F.2d the Court said:

"The 'not exceeding five thousand dollar' legacy to the Columbia Hospital of Milwaukee requires no specific consideration. We are of the opinion that this legacy, which the trustees paid to the Columbia Hospital, was not exempt because of the words 'not exceeding'. It was absolute and mandatory, but for no more than one cent. The majority of the court so hold. * * *"

Plaintiff in the case at bar, however, contends that "a deduction for these charitable bequests was allowed by the Commissioner in determining the 1924 Federal estate tax on the Estate of M. Belle Rice." This conclusion is apparently based upon the deposition of Ralph D. Cowan, admitted in evidence in the case at bar.

Examination of the deposition of Ralph D. Cowan (Plaintiff's Exhibit 6) indicates Mr. Cowan predicated his conclusion upon the records maintained by the First Security Bank of Utah and its predecessors. According to the deposition, an account was duly filed with the probate court in Salt Lake, Utah, showing the stewardship of the Estate of M. Belle Rice. Mr. Cowan was not able to locate any copy of a Federal Estate Tax return filed in the Rice Estate. There has never been a judicial determination of the deductibility for Federal Estate Tax purposes of the charitable bequests which are the subject of this litigation.

This Court is of the opinion that unless the charitable deduction can be established as an allowable deduction for Federal Estate Tax purposes in the M. Belle Rice Estate, it cannot be allowed in the Utley Estate. Regardless of the date considered by this Court, that is, the date of death of M. Belle Rice in 1924 or the date of death of Isabelle R. Utley in 1955, the charitable deductions in controversy cannot be allowed, inasmuch as at the date of death of M. Belle Rice, as well as at the date of death of Isabelle R. Utley, the amounts were uncertain. "Not to exceed" and "shall not exceed" is not language of sufficient certainty under the decisions to qualify such bequests as charitable deductions for Federal Estate Tax purposes.

Judgment will be rendered in favor of defendant. Counsel for defendant shall prepare findings of fact, conclusions of law and judgment in accordance with the rule.