David H. UTLEY, Executor of the Estate of Isabelle R. Utley, deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16993.

United States Court of Appeals Ninth Circuit.

May 5, 1961.

Hill, Farrer & Burrill by Carl A. Stutsman, Jr., and Vincent C. Page, Los Angeles, Cal., for appellant.

Abbott M. Sellers, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Douglas A. Kahn and Carolyn Just, attorneys for Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., and Lillian Stanley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This action is brought to recover an amount of federal estate tax which it is claimed was improperly assessed and collected from an estate being administered in Los Angeles, California. The portion of the estate involved consists of a vested remainder in the corpus of a trust created by the decedent's mother. The issue is as to the taxable value of that remainder.

The estate is that of Isabelle Rice Utley. Her mother, M. Belle Rice, died in Salt Lake City, Utah, in 1924. Mrs. Rice left a will executed in 1916, which, after certain specific bequests, devised all the residue of her property in trust for the purpose of paying from the net income of the trust stated monthly sums for life to certain individual beneficiaries. The will then provided that upon the death of all such income beneficiaries, the trustee shall cause to be erected "a suitable and appropriate memorial, arch or entrance way" to a park in Salt Lake City, to serve as a memorial to the settlor's late husband. It provided: "The cost thereof * * * shall not exceed Fifty Thousand Dollars ($50,000)." The will further provided that the trustee shall "cause to be erected on the campus or grounds of the University of Utah * * * a building to be known as a Women's Dormitory and suitable to be used for the purposes indicated by its name. * * * Said building, so to be erected, to cost a sum * * * not to exceed Two Hundred Thousand Dollars ($200,000.00)." The will then provided that upon the erection of the memorial arch and the dormitory the residue was to go to the settlor's son and daughter in equal shares.

In an action commenced in the Utah state courts, the District Court of Salt Lake County by a decree dated February 17, 1931, interpreted the Rice will and specifically held that the trusts created for the city and the university were both valid. The court decree then provided that the heirs of M. Belle Rice had a vested remainder "in so much of said trust fund, both principal and income, as may or shall remain after the performance of the valid trusts hereinabove set forth * * *."

Isabelle Rice Utley died July 14, 1955. At the time of her death, two of the income beneficiaries named in the will of her mother were still living. Thus the Rice trust, by its own provisions, had not then terminated. The estate with which we are here concerned is the remainder which was vested in the decedent Isabelle Rice Utley at the time of her death.

An estate tax return was duly filed, which included decedent's remainder interest. In evaluating that interest, the value of the trust corpus was reduced by $156,487.50 as the discounted value of $250,000.00 on account of the two executory charitable bequests. This deduction was disallowed and taxpayer paid the resulting deficiency of $22,916.37. Taxpayer then filed a claim for refund and instituted this action to recover the estate taxes alleged to have been improperly collected by reason of the disallowance of

the deduction for the discounted charitable bequests.

The district court held there was such uncertainty as to the amount ultimately to be distributed pursuant to the charitable bequests that no deduction or exclusion from the value of the decedent's vested remainder in the trust could be allowed therefor. It stated in its opinion: " 'Not to exceed' and 'shall not exceed' is not language of sufficient certainty under the decisions to qualify such bequests as charitable deductions for Federal Estate Tax purposes." The cases it regarded as controlling were First Trust Company of St. Paul State Bank v. Reynolds, 8 Cir., 1943, 137 F.2d 518, and Norris v. Commissioner of Internal Revenue, 7 Cir., 1943, 134 F.2d 796, 149 A.L.R. 1324.

First Trust Company dealt with charitable bequests which would become valid only if the decedent's widow consented. The court held at page 521 of 137 F.2d:

"A bequest to charity, therefore, which, as in the situation here, is conditioned upon the wholly discretionary consent thereto of a third person after the testator's death, lacks the legal certainty or reality necessary to entitle it to tax deductibility. Since the consent is outside the legal reach or mandate of the will, the tax situation cannot be affected by the fortuitous circumstance that such third person is likely in fact to give his consent to the bequest, or that he subsequently actually does so."

Norris dealt with a charitable bequest to pay out of the corpus of a trust a sum "not exceeding $5,000.00."

These cases are distinguishable from the case at bar. For two reasons we believe it was error to regard them as controlling.

In the first place, we are not here concerned with the question of the deductibility of these charitable bequests from the estate of M. Belle Rice. If they were not of sufficient certainty to qualify as charitable deductions, they were, presumably, taxed in that estate. Our question is simply as to the value of the gross estate of Isabelle Rice Utley. The sums in question are not property which the decedent, as owner, has bequeathed to charity. They are property over which the decedent has never had and may never have control.

In dealing with charitable deductions, the courts are concerned with the thought that the testator, through his choice of arrangement, may exclude a portion of his estate from taxation while at the same time, through lack of certainty in his disposition of that portion, he reserves to his heirs the possible enjoyment of it. The estate of a testator, it is quite properly felt, should not be permitted to realize a possible tax advantage through a state of uncertainty which the testator himself has deliberately created.

This is not the situation before us. Our problem of uncertainty was created not by our decedent but by her mother. We are not then faced with the question whether a bequest of a decedent is of sufficient certainty to qualify it as a deduction from her estate. Our problem is a simple one of valuation: what, considering the uncertainties and the probabilities, is the market value of the remainder interests in question at the time of decedent's death.

The cases upon which the district court relied are distinguishable in yet another important respect. In those cases the discretion of the trustee was complete and uncontrolled by any standard or mandate of the settlor. In our case the requirement is imposed upon the trustee that the sums paid be sufficient to provide "a suitable and appropriate memorial arch or entrance way" and a building "suitable to be used" for a dormitory. The specified sums were then not only a maximum limitation upon the discretionary powers of the trustee. They also served to disclose that the settlor's concept of what was "suitable" and "'appropriate" encompassed an expenditure of the sum specified under 1916 values.

The undisputed evidence before the district court was that $200,000.00 would

not today be sufficient to build a dormitory but could provide a new wing for an existing dormitory. There was testimony that the full $50,000.00 would be required for construction of an arch or entrance way for a park suitable under today's generally accepted standards.

In assessing the probabilities we must, of course, assume that the trustee will not limit his expenditures to what he feels he can legally be required to expend but rather that, with the settlor's charitable purpose and disposition in mind, he will comply with her wishes as they may be deduced from a fair and honest appraisal of the circumstances.

In our view, the possibility that the trustee, under the circumstances disclosed by the record, will expend less than the specified maximum is too remote to justify any rational assumption that the taxpayer may come into ownership of any portion of the sums in question.

Reversed and remanded with instructions that judgment be entered for appellants as prayed.